MARY M. COSSEN *v.* JOSEPH L. McALLISTER, ADMINISTRATOR

[No. 8, April Term, 1936]

*Decided May 19th, 1936.*

.The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Wirt A. Duvall, Jr.,* and *Jesse A. Rose,* for the appellant.

*Daniel S. Sullivan,* for the appellee.

URNER, J., delivered the opinion of the Court.

Upon the evidence in this case, we agree with the conclusion of the court below that there is not sufficient ground for the relief to which the bill of complaint is particularly directed. There is, however, a measure of redress to which the plaintiff, in our judgment, is entitled under the prayer in the bill for general relief.

The specific purpose of the suit is to compel the performance, by the defendant administrator, of an alleged agreement of the decedent, Benjamin G. Foster, with the plaintiff, Mary M. Cossen, to devise and bequeath to her all of the property subject to his disposition at the time of his death. It is averred in the bill that such an agreement was made by both Mr. Foster and his wife, who predeceased him, and that it in terms applied to the estate which they held as tenants by the entirety. The agreement is alleged to have been made in consideration of services rendered by the plaintiff to Mrs. Foster before her marriage, and continued for the benefit of herself and her husband after that event. There is adequate testimony that Mr. Foster desired and intended to make a will in favor of the plaintiff, and was prevented from

doing so only by illness which terminated fatally about six weeks after the death of his wife. But the evidence fails to prove satisfactorily that he had agreed with the plaintiff to make such a will.

It appears from the record that about the year 1898 the plaintiff went to live with a Miss Phillips and her niece, Laura Gimper (afterwards Mrs. Foster), who resided and conducted a small store on North High Street in Baltimore. After the death of Miss Phillips in 1916, the plaintiff and Miss Gimper continued to live together until the death of the latter in June, 1934. The plaintiff assisted in the management of the store and in the care of the home on North High Street until 1921, and also helped to conduct a store opened by Miss Gimper in 1919 at Chester and Hoffman Streets. In 1921 they acquired, under a deed to them jointly, a dwelling at 2600 Preston Street, in which thereafter they made their home, and where Mr. Foster came to live after his marriage to Miss Gimper in 1928. The household work, including provision for boarders, in the Preston Street home, was largely performed by the plaintiff, while Miss Gimper was employed elsewhere, for several years prior to her marriage. From 1898 until the time of her death she had the benefit of the plaintiff's constant association and service.

It was testified that Miss Gimper said before her marriage: "What we have belongs to Mary (the plaintiff) and I. We have both earned it and it belongs to us and at the death of either of us, whoever survives gets it." After her marriage she said, according to testimony in the record: "There will be no difference in the agreement that Mary and I had. Mr. Foster and I have decided that on the death of either of us the survivor is to make a will that Mary will get what we have left." One of the witnesses, upon being informed by Miss Gimper of her approaching marriage to Mr. Foster, asked: "Laura, how does that affect Miss Mary," and she replied: "It will not affect her at all because we have an agreement that whoever lives the longest will leave everything to Miss

Mary." A statement quoted in the testimony as having been made by Mr. Foster in the interval between his wife's death and burial was as follows: "Clinton, the day after the funeral I want you to go down to the trust company, I want to make a will. I want to make Mary beneficiary, I want to leave her what we have just as we have always agreed to do. Just think of her at her age being thrown out in the world without anybody to take care of her."

From the testimony it may be concluded that in consideration of the plaintiff's long and continuing services, and in acknowledgment of a jointly earned property interest, Miss Gimper agreed to make a testamentary disposition of her estate for the plaintiff's benefit. Consistently with such an understanding the conveyance of the Preston Street property was procured to be made to them as joint tenants. There was other real estate, held in Miss Gimper's name alone and valued at approximately $1,100, the title to a part of which was converted after her marriage into a tenancy by the entireties in herself and her husband. The whole of her husband's estate, consisting of certain bank and building association accounts at the time of his death, had also been placed in their joint names. It is uncertain from the record whether the funds credited to those accounts, aggregating $9,089.22, included money which the wife may have contributed.

The evidence strongly tends to prove an intention by Mr. Foster to gratify his wife's desire that the plaintiff should be the beneficiary of their estates under the will of the surviving spouse, and that he agreed with his wife to fulfill that purpose. But, unless he made an agreement to that effect with the plaintiff, the present suit is not maintainable so far as his original estate is concerned. In order to be specifically enforceable, the agreement must be clearly and definitely proved as alleged in the bill of complaint. *Lorenzo v. Ottaviano,* 167 Md. 138, 173 A. 17, 179 A. 536; *Neal v. Hamilton,* 159 Md. 447, 150 A. 867; *Soho v. Wimbrough,* 145 Md. 498, 125 A. 767. The

testimony does not satisfy that requirement with respect to the alleged agreement between the plaintiff and the defendant's intestate. The statements attributed to him by the witnesses do not explicitly indicate any agreement between him and the plaintiff, and admit of the interpretation that he was referring to an agreement into which he and his wife had entered. That would not be a sufficient basis for such a decree as the bill specifically proposes.

But under the prayer for general relief the plaintiff is entitled to equitable protection of the interest intended to be secured to her by Mrs. Foster's agreement to make a will under which the plaintiff, if surviving, should receive the entire estate which they had jointly earned. There is sufficient proof that there was such an agreement, to the knowledge of Mrs. Foster's husband, and that the plaintiff's services were rendered in reliance upon its future performance. Upon the facts thus proved, it may justly be held, in accordance with a principle heretofore approved by this court, that the property so agreed to be devised and bequeathed to the plaintiff was impressed with a trust effective as to the promisor's husband and enforceable against his heirs and personal representatives. *White v. Winchester*, 124 Md. 518, 522, 92 A. 1057; *Lorenzo v. Ottaviano, supra*.

It was doubtless Mrs. Foster's belief that the fulfillment of her promise to the plaintiff was assured by the subsequent agreement between herself and her husband that the survivor would make a will exclusively in the plaintiff's favor. The effort by the surviving husband during his last illness to have his will prepared for execution was frustrated by his lapse into unconsciousness.

It appearing, as in *Neal v. Hamilton, supra*, that the plaintiff's services were of such a character that they could not be valued, and compensation for them awarded, with reasonable accuracy, in an action at law, our conclusion, upon the authority of that and other cases cited in this opinion, is that a trust should be decreed to exist and to be enforced for the plaintiff's benefit with respect

to the property owned by Mrs. Foster at the time of her marriage or acquired by her subsequently as her separate estate.

The decree appealed from will be affirmed in so far as it refused specific enforcement of the plaintiff's alleged agreement with Mr. Foster, but it will be reversed as to the dismissal of the bill of complaint, and the cause will be remanded for a decree in conformity with this opinion, after opportunity has been afforded for further proof upon the question whether the bank and building association accounts credited to Mr. Foster and his wife jointly included any funds which she had individually owned.

*Decree affirmed in part and reversed in part, and cause remanded for further proceedings in conformity with this opinion, the costs to be paid by the appellee as administrator.*